# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

October 20, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 14-0952** (McDowell County 10-F-50)

**Luther Franklin Meadows,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Luther Franklin Meadows, by counsel R. Thomas Czarnik and Phillip Scantlebury, appeals the Circuit Court of McDowell County's September 15, 2014, order resentencing him to a term of incarceration of fifteen years to life based on his conviction by a jury in 2012 of one count of first-degree murder with a recommendation of mercy. The State of West Virginia, by counsel Laura Young, filed a response in support of the circuit court's order. On appeal, petitioner argues that (1) the circuit court erred in improperly admitting evidence in violation of Rule 404(b) of the West Virginia Rules of Evidence[1] and in failing to grant a mistrial based on the alleged Rule 404(b) violation; (2) his trial counsel was constitutionally ineffective; and (3) cumulative error prevented him from receiving a fair trial.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties do not dispute the underlying facts of this case. On September 15, 2009, petitioner drove to the home of Thomas Roberts ("victim"), which was a trailer owned by

---

[1]We note that the West Virginia Rules of Evidence were amended as approved by this Court's June 2, 2014, Order and became effective on September 2, 2014. All references to Rule 404(b) herein are based on the rule as it existed during the pendency of this case.

[2]In this appeal, petitioner raises six separate assignments of error, four of which relate to the circuit court's procedure for the admission of evidence, allegedly in violation of Rule 404(b) of the West Virginia Rules of Evidence, and failure to grant a mistrial based on the prosecutor's presentation of this evidence to the jury during his opening statement. Notably, in his brief to this Court, petitioner provides a single discussion addressing these four assignments of error, and the State responds in the same fashion. As these four assignments of error are clearly related on the Rule 404(b) issue, we address them together.

petitioner, and fatally shot the victim in the head from a distance[3] as he exited that home. Petitioner then asked a neighbor to call 911, and he remained at the scene of crime until law enforcement officers arrived. Shortly thereafter, officers arrived and arrested petitioner on the charge of murder. According to the officers' testimony at trial, at the time of petitioner's arrest, officers asked him about the gun used in the shooting, and he stated that he "had four more subjects . . . to take care of, and, if [officers] wanted the weapon off him, come and get it." Officers then retrieved a handgun from petitioner's pocket and took the same into evidence. Following his arrest, petitioner was given a Miranda[4] warning, and he signed a written waiver of those rights. In his subsequent statement, petitioner relayed that he had shot the victim, and he further described an incident occurring on September 4, 2009, wherein he entered the victim's home with the intent to murder him. During the incident on September 4, 2009, petitioner placed a gun to the victim's head while he slept, but petitioner did not shoot when he realized his grandson was present. Petitioner was subsequently indicted on one count of first-degree murder related to the shooting.

In May of 2012, the circuit court held a plea hearing. Petitioner had agreed with the State to enter a plea of guilty to voluntary manslaughter. Under the terms of the plea agreement, the State would have recommended fifteen years in prison. However, during the hearing, petitioner changed his mind about pleading guilty, and he moved for new counsel. The circuit court did not accept the proposed plea agreement and granted petitioner's motion for new counsel.

In September of 2012, petitioner's jury trial commenced. In his opening statement, the prosecutor told the jury that petitioner deliberately and with premeditation killed the victim. As evidence of deliberation and premeditation, the prosecutor cited petitioner's statement in which he confessed to the shooting and described previously entering the victim's home with the intent to murder him. Following the State's opening statement, petitioner objected to the evidence of petitioner's actions of entering the victim's home on September 4, 2009, as inadmissible under Rule 404(b) and moved for a mistrial at that time. The circuit court found that the evidence at issue did not fall under Rule 404(b), overruled the objection, and denied the motion for a mistrial. Petitioner's counsel chose not to give an opening statement.

During its case-in-chief, the State presented evidence that the victim was living with petitioner's daughter. The evidence showed that petitioner was angry at the victim because he had returned items petitioner had purchased for his grandson and kept the money from those returned items for himself and that the victim had driven a vehicle petitioner provided for his daughter. Witnesses testified that petitioner threatened the victim on the day of the shooting and that petitioner referred to the victim as a "freeloading son of bitch" prior to the shooting. Without objection, the circuit court admitted petitioner's statement to officers following his arrest wherein he admitted to the shooting and to be angry with the victim. In his case-in-chief, petitioner testified in conformity with his statement. He further provided the detail that he shot the victim from a distance. Petitioner also described the incident that occurred on September 4,

---

[3]The exact distance between petitioner and the victim is unclear from the record on appeal, but petitioner testified at trial that he shot the victim from a distance.

[4]*See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966).

2009, in the victim's home. In its closing argument, the State argued that the jury should consider petitioner's actions prior to the murder in rendering its verdict. The jury returned a verdict of guilty of one count of first-degree murder and recommended mercy. This appeal followed.

This Court has explained that "'[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, 171 W.Va. 639, [643,] 301 S.E.2d 596, 599 (1983)." Syl. Pt. 1, *State v. Kaufman*, 227 W.Va. 537, 711 S.E.2d 607 (2011) (internal citations omitted). With these standards in mind, we now turn to petitioner's assignments of error.

On appeal, petitioner first assigns error to the circuit court's admission of evidence, which he claims violated Rule 404(b), that he entered the victim's home on September 4, 2009, with the intent to murder him but chose not to do so at that time.[5] We have held that

> [w]here improper evidence of a nonconstitutional nature is introduced by the State in a criminal trial, the test to determine if the error is harmless is: (1) the inadmissible evidence must be removed from the State's case and a determination made as to whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt; (2) if the remaining evidence is found to be insufficient, the error is not harmless; (3) if the remaining evidence is sufficient to support the conviction, an analysis must then be made to determine whether the error had any prejudicial effect on the jury.

Syl. Pt. 2, *State v. Atkins*, 163 W.Va. 502, 261 S.E.2d 55 (1979). In this case, if we remove the allegedly inadmissible Rule 404(b) evidence, the remaining evidence of petitioner's actions was sufficient to convince impartial minds of his guilt beyond a reasonable doubt. Petitioner was located at the scene of the shooting with a handgun; he confessed in his statement to officers, which was admitted into evidence without objection, that he shot the victim from a distance, as the victim exited his home; and he testified at trial that he was angry with the victim and shot him at a distance. Further, given the substantial evidence presented at trial without objection that petitioner harbored anger towards the victim and acted upon that anger by shooting him, we find no additional prejudicial effect on the jury from the admission of evidence of the September 4,

---

[5]Rule 404(b) of the West Virginia Rules of Evidence provides as follows:

Other crimes, wrongs, or acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

2009, incident. Therefore, even if the 404(b) evidence was admitted in error, that error was harmless beyond a reasonable doubt, and we will not set aside the jury verdict on that ground.

As to the circuit court's denial of petitioner's motion for a mistrial, we have held that "[t]he decision to declare a mistrial, discharge the jury, and order a new trial in a criminal case is a matter within the sound discretion of the trial court." Syl. pt. 8, *State v. Davis*, 182 W.Va. 482, 388 S.E.2d 508 (1989). "A trial court is empowered to exercise this discretion only when there is a 'manifest necessity' for discharging the jury before it has rendered its verdict." S*tate v. Williams*, 172 W.Va. 295, 304, 305 S.E.2d 251, 260 (1983). In this case, petitioner moved for a mistrial based on the prosecutor's use of the allegedly inadmissible Rule 404(b) evidence in his opening statement. However, the prosecutor also gave a statement of the remaining, overwhelming evidence present in this case. Because the allegedly inadmissible Rule 404(b) evidence was not prejudicial given the remaining evidence presented, we find no abuse of discretion in the circuit court's ruling. The manifest necessity to declare a mistrial did not exist in this case.

Petitioner's next assignment of error is that he was provided constitutionally ineffective assistance of trial counsel. We addressed this issue in Syllabus Point 10 of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992), as follows:

It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Upon our review of the briefing and record on appeal, we find that this issue is better suited for a petition for writ of habeas corpus through which petitioner may more fully develop the record of his allegations.

Petitioner's final assignment of error is that the cumulative effect of numerous errors committed during his trial prevented him from receiving a fair trial. Cumulative error demands attention "[w]here the record of a criminal trial shows that the cumulative effect of numerous errors committed during the trial prevented the defendant from receiving a fair trial, [and the] conviction should be set aside, even though any one of such errors standing alone would be harmless error." Syl. Pt. 5, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550 (1972). However, assuming the circuit court committed harmless error in admitting evidence in violation of Rule 404(b) as explained above, this single instance of harmless error in petitioner's trial cannot be said to amount to cumulative error depriving him of a fair trial. As petitioner has failed to prove error committed at his trial, we find no occasion to set his conviction aside based on the cumulative error doctrine.

For the foregoing reasons, the circuit court's September 15, 2014, order is hereby affirmed.

4

Affirmed.

**ISSUED:** October 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING AND WRITING SEPARATELY:**

Justice Menis E. Ketchum

I dissent. I understand that "[i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal." However, it is also the extremely rare case when counsel for a criminal defendant fails to give an opening statement, fails to properly argue "heat of passion" or self-defense in a murder case under these facts, calls only the defendant and the defendant's grandson to testify on his behalf, and has his law license annulled shortly after the trial. While petitioner likely would not have avoided all culpability with a better defense, his attorney should have, at a minimum, presented the jury with a case against the malice element of first- and second-degree murder. *See State v. Wilson*, 95 W.Va. 525, 531, 121 S.E. 726, 729 (1924) (stating that "[t]he distinguishing feature between murder and manslaughter is that murder comes from the wickedness of the heart, and manslaughter, where voluntary, arises from the sudden heat of passion" due to gross provocation); *State v. Starkey*, 161 W.Va. 517, 527 n.7, 244 S.E.2d 219, 225 n.7 (1978) (stating that "[i]t is important to note that provocation is not a defense to the crime [of voluntary manslaughter], but merely reduces the degree of culpability[.]" (Citations omitted).

Moreover, petitioner claimed that the victim knocked him down several days before the shooting and that, at the time of the incident, the victim was running and yelling at petitioner, which prompted petitioner to shoot him. Given these claims, petitioner's attorney should have presented the jury with a proper "heat of passion" or self-defense argument. Therefore, I would bring this case in for oral argument on the issue of whether petitioner's trial counsel was per se ineffective, based on the record before us.